UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FRANCISCO BARBOSA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cv-00931-SEP |
| | ) | |
| GENERAL MOTORS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

On March 17, 2021, Defendant General Motors, LLC, filed a Memorandum Requesting a Telephone Conference, reporting that Plaintiff had failed to provide Rule 26(a)(1) initial disclosures or respond to several discovery requests. Doc. [13]. On March 18, 2021, this Court entered an Order requiring Plaintiff to make his initial disclosures and serve responses to Defendant's discovery requests no later than April 1, 2021, warning Plaintiff that failure to comply with the Order would result in dismissal of this action. Doc. [14]. On April 5, 2021, Defendant filed a Notice of Plaintiff's Failure to Comply with the Court's March 18, 2021 Order, reporting that Defendant still had not received the required discovery from Plaintiff. Doc. [15]. The Court entered an Order on April 8, 2021, giving Plaintiff until April 12, 2021, to show cause why this action should not be dismissed, again warning Plaintiff that failure to comply would result in immediate dismissal of this action. Doc. [16]. Plaintiff did not respond to the April 8th Order to Show Cause.

Under Federal Rules of Civil Procedure 41(b), "a district court may dismiss a case '[i]f the plaintiff fails to prosecute or to comply with these rules or a court order.'" *Williams v. Lombardi*, 2017 WL 2167296, at *2 (E.D. Mo. May 16, 2017) (quoting Fed. R. Civ. P. 41(b)). Because Plaintiff failed to comply with discovery rules and several of this Court's orders, this action will be dismissed under Rule 41(b) for failure to prosecute. *See* Fed. R. Civ. P. 26, 33, 37 (rules governing initial disclosures, interrogatories, and sanctions for failure to cooperate in discovery).

1

Unless otherwise ordered by the Court, Rule 41(b) provides for dismissal with prejudice, but this is "an extreme sanction," *id.*, appropriate only when the party "acted intentionally as opposed to accidentally or involuntarily." *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005); *see Nelson v. Mo. Dep't of Corrections*, 2007 WL 2669109, at *5 (E.D. Mo. Sept. 6, 2007) (dismissing under Rule 41(b) *without* prejudice because there was no "clear evidence of plaintiff's willful disobedience to the Court's orders" (emphasis added)). Because of the extreme nature of a dismissal with prejudice and the absence of evidence that Plaintiff was willfully disobedient in his failure to prosecute, the dismissal is without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED without prejudice** for failure to prosecute.

An appropriate Order of Dismissal will accompany this Memorandum and Order.

Dated this 16th day of April, 2021.

*Sarah E. Pitlyk*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE